**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| VICTOR MANUEL GUARCAS-TOL, Petitioner, v. ERIC H. HOLDER, Jr., Attorney General, Respondent. | No. 10-72483 Agency No. A094-810-437 MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 11, 2014**
San Francisco, California

Before: KLEINFELD, NGUYEN, and WATFORD, Circuit Judges.

Victor Guarcas-Tol petitions for review of an order by the Board of

Immigration Appeals (BIA) affirming the immigration judge's (IJ) denial of

withholding of removal and protection under the Convention Against Torture

---

\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

(CAT). Reviewing legal conclusions de novo and factual findings for substantial evidence, *Ghaly v. INS*, 58 F.3d 1425, 1429 (9th Cir. 1995), we deny the petition.

Guarcas-Tol, a Guatemalan citizen, seeks withholding and CAT relief in view of a threatening confrontation he had with a superior officer while serving in the Guatemalan military. The IJ and the BIA assumed Guarcas-Tol's testimony was credible, but found that he failed to establish the required nexus to his claimed political opinion, as required under 8 U.S.C. § 1231(b)(3)(A), because the dispute was personal in nature. The conclusion that the dispute did not concern the corrupt operation of government forces at an institutional level is supported by law, *see Grava v. INS*, 205 F.3d 1177, 1181 (9th Cir. 2000), and substantial evidence in the record. Although Guarcas-Tol stresses the violence and corruption within the Guatemalan military, the service's notorious history does not convert what was reasonably deemed a private dispute over individual misconduct, into one of political dimensions.

As for Guarcas-Tol's CAT claim, substantial evidence supports the finding by the IJ and the BIA that petitioner failed to establish the requisite likelihood that he would be tortured upon returning home.

**PETITION DENIED.**

2